RECEIVED JAN 10 2013 CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC COWLEY, and GILLIAN COWLEY, <br><br> Plaintiffs, <br><br> v. <br><br> CABELA'S OUTDOOR ADVENTURES, INC., et al. <br><br> Defendants. | 8:11CV325 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on its own motion. On November 30, 2012, Defendants filed a Status Report in accordance with the court's September 27, 2012, Memorandum and Order. (Filing No. 35.) In the Status Report, Defendants stated that on November 27, 2012, the United States District Court for the Western District of Washington granted a motion to consolidate and transfer two cases identical to this matter to the United States District Court for the District of Alaska. (*Id*.) On December 3, 2012, the Western District of Washington sent this court a Notice of its order granting Defendants' motion to consolidate and transfer. (Filing No. 37.) In the order, the Western District of Washington stated:

> [B]efore the Court are two identical cases: the case originally filed in this District, No. 2:11-cv-01582-RSM, and the case originally filed in the District of Alaska, No. 2:11-cv-1811-RSM. The third case, which is also identical, remains in the District of Nebraska but is stayed until this Court rules on Defendants' current Motion to Consolidate and Transfer to Alaska.
>
> . . .
>
> Plaintiffs voluntarily brought three identical claims that name the same defendants in three different forums. The Defendants have agreed to

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the US District Court for the District of Nebraska.
Date Filed: 1/7/13
By_____ Deputy Clerk

Case 3:11-cv-00188-RRB   Document 6   Filed 01/10/13   Page 1 of 3

litigate in one of Plaintiffs' chosen forums, the District of Alaska. Although the Court makes no ruling on whether it has personal jurisdiction over Roberts, Alaska clearly has personal jurisdiction over all parties. Rather than expend court time and resources on determining whether Western District of Washington is an appropriate forum, the Court can simply transfer the case to the District of Alaska. The parties agree to dismiss Pawlak with prejudice and the Court finds dismissal appropriate. Thus, transfer to the District of Alaska will serve the interest of justice.

(Filing No. 37 at CM/ECF pp. 3, 8-9.)

In light of this information, and on December 12, 2012, the court entered a Memorandum and Order directing the parties to inform the court whether they would like this case transferred to the District of Alaska for further proceedings, or whether they would like this case dismissed without prejudice. (Filing No. 38.) In doing so, the court informed the parties that if they failed to respond by December 18, 2012, the court would dismiss this matter without prejudice and without further notice. (*Id*. at CM/ECF p. 2.) The court's December 18, 2012, deadline has passed and the parties have not responded to the court's Memorandum and Order. (*See* Docket Sheet.) Accordingly,

IT IS THEREFORE ORDERED that:

1. In accordance with this Memorandum and Order and the court's December 12, 2012, Memorandum and Order (filing no. 38), this matter is dismissed without prejudice and without further notice.

2. The Clerk of Court is directed to send a certified copy of this Memorandum and Order to the Clerk of the United States District Court for the District of Alaska.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of January, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3